THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY MAYNOR, | § § | |
| Plaintiff, | § § | C.A. 3:07-cv-00504 (JURY) |
| v. | § § | |
| THE DOW CHEMICAL COMPANY | § § | COLLECTIVE ACTION |
| Defendant. | § | |

### DECLARATION OF CHARLIE SINGLETARY

"My name is Charlie Singletary. I am over the age of eighteen (18), and I am fully competent and capable to make this Declaration. All of the facts contained within this Declaration are true and correct and are based upon my personal knowledge.

I am the Business Manager and Custodian of Records for Local Union No. 564 of the International Union of Operating Engineers. The Union represents over nine hundred (900) hourly non-exempt operators employed by The Dow Chemical Company in Freeport, Texas.

The Union members work at Dow subject to the terms and conditions of a collective bargaining agreement ("CBA") negotiated between the Union and Dow that ultimately became effective on May 14, 2003. I participated in the negotiations that resulted in this CBA.

The CBA proposed by Dow included a section entitled "Skills Initiative." This section included a provision that established the Site Foundational Skills Program, a mandatory training program required for all operators hired by Dow before May 14, 2003. Dow told the Union that the training was to help the operators better perform their jobs.

We talked about whether the operators would be paid for their time in the negotiations. Dow refused to pay the operators for their training time. The Union also tried to remove the threat of disciplinary action from the proposal. Again, Dow refused.

Eventually, the members of the Union voted to accept the proposed CBA. It became effective May 14, 2003.

Exhibit "A"

In January of 2005, operators began receiving disciplinary warnings, both verbal and written, from their supervisors for their failure to comply with the training program. At least four (4) operators were suspended resulting in the loss of their performance award for 2005.

After numerous discussions, Dow and the Union entered into an agreement establishing guidelines for specific disciplinary actions to be taken in the event of an operator's noncompliance with the training program.

By September of 2006, only 15 operators had completed the requirements of the training program. However, none of these 15 operators had been promoted. Additionally, at least forty (40) operators had been disciplined by Dow in connection with the training program. At that point, the Union filed a complaint with the Department of Labor stating that Dow's failure to compensate its operators for the time spent in the mandatory training program was a violation of the Fair Labor Standards Act. A true and correct copy of the complaint is attached hereto.

I did not participate in the Department of Labor's investigation. I was informed of the results by Dow. I received a copy of the letter that was sent to the operators by Dow after the investigation.

The Union was informed by Adam Samaniego, the Department of Labor investigator, that the operators would not waive their rights to pursue future claims by accepting Dow's payment. I passed this information along to the Union's members.

I declare under penalty of perjury that the foregoing is true and correct."

Date: 7-30-09

_____
Charlie Singletary