IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROY MAYNOR | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:07-CV-00504 |
| | § | |
| THE DOW CHEMICAL COMPANY | § | COLLECTIVE ACTION |
| | § | |
| Defendant. | § | |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT OF
BALDRIDGE'S CLAIM INCLUDING ATTORNEYS' FEES**

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

Tom Baldridge("Plaintiff") and Defendant The Dow Chemical Company ("Dow") (collectively, the "Parties") file this Joint Motion for Approval of Settlement of Balrdidge's Claim Including Attorneys' Fees as follows:

I. Procedural Background

1. This collective action under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) (2010), was originally filed by Plaintiff Roy Maynor in October of 2007. A conditional class was certified by the Court on May 8, 2008. Subsequently, a total of one hundred thirty-nine (139) consents to join the collective action were filed with the Court.

2. Written discovery was propounded and answered by each Plaintiff individually. Additionally, the amount of overtime hours worked by each Plaintiff was determined from a comprehensive review of data provided by Brazosport College by Dow and the individual Plaintiffs. Twelve of the Plaintiffs were deposed. At the conclusion of discovery, fifteen (15) consent plaintiffs were dismissed from the lawsuit for various reasons with one hundred twenty-five Plaintiffs remaining in the lawsuit.

3. Additionally, several significant legal issues were briefed by the Parties. The Plaintiffs filed a Motion for Summary Judgment as to the compensability of their time spent training and

testing in Dow's Site Foundational Skills Program. Dow filed a Motion to Decertify the Conditional Class. The appropriate responses and replies were filed by the Parties. Following the Court's Memoranda and Order in November of 2009, several factual disputes relating to liability and damages remained for trial.

4. A Settlement agreement was reached following two (2) mediation sessions and lengthy negotiations between experienced counsel on 123 Plaintiffs. On February 11, 2010, the Court held that the settlement for these 123 Plaintiffs was fair, reasonable and adequate and approved it.

5. On February 17, 2010, counsel and the three remaining Plaintiffs attended a settlement conference with Magistrate Judge Stephen Smith. During the settlement conference, the Parties were able to resolve Tom Baldridge's claim. The Parties read the details of the settlement into the record after the settlement conference.

## II. Terms And Conditions of Settlement with Baldridge

6. The terms and conditions of the settlement between Dow and Baldridge are fully set forth in the record made at the settlement conference. Of the gross settlement amount set forth in the record, $833.25 is attributable to attorney's fees.

## III. Applicable Legal Standards

7. In Quintanilla v. A & R Demolition, Inc., No. H-04-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May, 2008), the Court outlined the factors to be considered in determining whether a class action settlement should be approved as far and reasonable. Specifically, district courts should consider 1) any evidence that the settlement was obtained by fraud or collusion; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the litigation and available discovery; 4) the probability of plaintiffs prevailing on the merits; 5) the range of possible recovery and certainty of damages; and 6) the opinions of class counsel, class

representatives and absent class members. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 3. The application of these factors to this settlement supports an approval of the settlement by the Court.

    A.  No Evidence of Fraud

    8.  Here, as in Quintanilla, the Parties were represented by experienced counsel and the settlement was reached through arms' length negotiations after a settlement conference with a Magistrate Judge. These circumstances support a finding that the settlement is free of fraud and collusion. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 4 (citing Batchelder v. Kerr-McGee Corp., 246 .F. Supp. 2d 525, 527 (N.D. Miss. 2003)).

    B.  Complex and Protracted Litigation

    9.  As the Court has recognized, this case is a complex one and the legal and factual issues have been vigorously contested. Several fact issues remain for trial following the Court's ruling on Plaintiffs' Motion for Summary Judgment. Settlement of Baldridge's claim further simplifies the issues before the Court and will shorten the trial of the remaining claims.

    C.  The Parties can Assess the Benefits of Settlement

    10.  The Parties have engaged in extensive discovery and the information obtained has been analyzed in detail. The Parties have briefed the factual and legal disputes and have began trial preparation. As a result, the Parties have thoroughly assessed the merits of their claims and defenses. Accordingly, the Parties are in a position to assess the benefits of the proposed settlement.

    D.  Possibility of Plaintiffs Not Prevailing on the Merits

    11.  During the course of this litigation, Dow has consistently and vigorously pursued numerous defenses to the Plaintiffs' claims. By way of example, Dow contends that the Plaintiffs' study time was not compensable because the study material was not directly related to the Plaintiffs' work. Dow also disputes the number of hours claimed as worked by the Plaintiffs. It is possible that Dow could prevail on liability. It is also possible that Dow could significantly

reduce the amount of damages claims by the Plaintiffs. As a result, the Plaintiffs' recovery is uncertain. This ambiguity is a factor in support of the settlement.

E. Range of Possible Recovery

12. Prevailing Plaintiffs are entitled to unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. See 29 U.S.C. Section 216(b) (2010). The proposed settlement before the Court provides Baldridge with compensation for his training time, including training time that is documented by the college and training time that is undocumented and referred to as "self study time," for a three (3) year period. Additionally, the value of the settlement is enhanced because Dow might otherwise be entitled to an offset of prior payments made to the Plaintiffs from any recovery they would receive at trial. Considering the risks of trial, the related costs and delays and the amount of offset to be claimed by Dow, the Parties believe that the settlement amount is fair and reasonable.

F. Opinions of Class Counsel and Class Members

13. This proposed settlement is the product of extensive arms' length negotiations conducted after extensive discovery and legal analysis by counsel for the Parties. Negotiations included numerous meetings and telephone conferences, two (2) full days of mediation and a half-day settlement conference. Counsel for the Parties endorse this settlement.

14. Additionally, Baldridge has expressly accepted this settlement. As such, there are no objections to the approval of this settlement. Nevertheless, and even if there were small number of objections received, that fact would be indicative of the adequacy of the settlement. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 6 citing Wal-Mart Stores, Inc. v. VISA U.S.A., Inc., 396 F.3d 96, 118 (2d Cir. 2005). Here, as in Quintanilla, there is unanimous support for the settlement.

## IV. Attorneys' Fees and Costs

20. In FLSA collective actions, the Court must determine the reasonableness of the attorneys' fees to be paid as part of the fairness determination. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 7 (citing Strong v. BellSouth Telecommns, 137 F.3d 844, 849-850 (5th Cir. 1998)). Under the terms of the settlement, Plaintiffs' counsel will receive $833.25.

21. Courts use the lodestar method to assess attorneys' fees in class action cases. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 7. First, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 7. The lodestar is then determined by multiplying the number of hours reasonably expended by the reasonable hourly rate. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 7.

22. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the basis for determining a reasonable hourly rate. Quintanilla, 2008 q. S. Dist. LEXIS 37449 at 7. In addition to evidence provided by counsel, the district court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Quintanilla, 2008 U.S. Dist. LEXIS 37449 at 8. The Court has already applied these factors to the prior partial settlement approved on February 11, 2010 and the same factors pertain here. Furthermore, the amount of $833.25 is also reasonable in light of the additional half-day settlement conference that resulted in the settlement of Baldridge's claim. Given the Court's prior determination and the additional time extended at the settlement conference, the requested attorney's fees are reasonable.

## V. Conclusion

32. In sum, the Parties ask the Court to find that the amount to be paid to the Plaintiff and the amount of attorneys' fees provided are fair and reasonable. The Parties ask the Court to approve the settlement as a fair and reasonable compromise of a bona fide dispute under the

FLSA. The Parties do not believe that a fairness hearing is necessary in order to approve the settlement of Baldridge's claim given that it was reached during a setlement conference with Judge Smith, Baldridge was present during the negotiations, and the terms have already been entered into the record.

33. Finally and subject to the Court's approval, the Parties request that Baldridge's claim be dismissed with prejudice to refiling of same with all costs incurred taxed against the Party incurring such costs.

Respectfully submitted,

_____*/s/ with permission*_____
Mark Siurek
TBA# 18447900
Fed. ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS


OF COUNSEL:

WARREN & SIUREK, L.L.P
Patricia Haylon
TBA# 09281925
Fed. ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

/s/
_____
Nancy Patterson
TBA# 15603520
Fed. ID# 10221
1000 Louisiana, Suite 4000
Houston, Texas 77002
713-890-5000 (telephone)
713-890-5001 (fax)
npatterson@morganlewis.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS


OF COUNSEL:

MORGAN, LEWIS & BOCKIUS, LLP
A. John Harper III
TBA# 24032392
Fed. ID# 577124
1000 Louisiana, Suite 4000
Houston, Texas 77002
713-890-5000 (telephone)
713-890-5001 (fax)
jharper@morganlewis.com

DB1/64485938.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROY MAYNOR | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:07-CV-00504 |
| | § | |
| THE DOW CHEMICAL COMPANY | § | COLLECTIVE ACTION |
| | § | |
| Defendant. | § | |

## ORDER APPROVING SETTLEMENT

On this date, the Court considered the Parties' Joint Motion for Approval of Settlement of Baldridge's claim. The Court, noting the parties have agreed upon the terms and conditions of the Settlement Agreement, that those terms have been entered in the record before Magistrate Judge Smith, and that the settlement is in the best interest of Plaintiff Baldridge and Defendant, finds as follows:

It is hereby ORDERED that the Settlement Agreement entered into by the Parties in the above-captioned case with respect to Plaintiff Baldridge, including the amount of attorney's fees set forth in the settlement, is fair, reasonable and in the best interest of the Parties, and is hereby APPROVED.

SIGNED this _____ day of _____, 2010.

_____
LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE