THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROY MAYNOR, | § | |
| | § | |
| Plaintiff, | § | C.A. 3:07-cv-00504 |
| | § | (JURY) |
| v. | § | |
| | § | |
| THE DOW CHEMICAL COMPANY | § | COLLECTIVE ACTION |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REINSTATEMENT OR IN THE ALTERNATIVE MOTION FOR AWARD OF FRONT PAY**

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

Plaintiff Roy Maynor ("Maynor") files this Reply to Defendant's Response to his Motion for Reinstatement, or in the Alternative, Motion for Award of Front Pay as follows:

## I. Summary Of The Issues

1. In accordance with the jury's verdict, Maynor requested that the Court enter an order reinstating Maynor to his former employment with Dow. In the alternative, Maynor requested that the Court award him front pay. In its response, Dow contends that reinstatement is not feasible and that Maynor should not be awarded front pay at all or, at least, be awarded front pay in a reduced amount. Because Dow's position is unsupported by the facts or applicable law, Maynor asks the Court grant his motion and order the equitable remedy deemed most appropriate by the Court.

## II. Reinstatement

2. Reinstatement is the preferred equitable remedy for a

discriminatory discharge. Julian v. The City of Houston, 314 F.3d 721, 728 (5th Cir. 2002). In this case, Maynor was employed by Dow for over thirty (30) years and met or exceeded job expectations in his job performance. His supervisor, Cheryl Weinberger, had no criticisms of Maynor's job performance. In fact, Dow introduced evidence that Maynor was given a performance award prior to his termination.

3. Nevertheless, Dow contends that reinstatement is not feasible because animosity must exist, Maynor has been away from the plant for four years, and Maynor has obtained subsequent employment. However, there was no evidence at trial of animosity between Maynor and Dow.

4. Additionally, based on Maynor's past performance, experience and knowledge of plant processes, he would easily be qualified for his former position.

5. Finally, a review of Plaintiffs' Exhibit Nos. 7 and 24 demonstrates that Maynor currently earns approximately fifty percent (50%) of his prior annual compensation at Dow. As such, both the evidence and legal precedent favor reinstatement.

### III. Front Pay

6. In the alternative, when reinstatement is not feasible, front pay is usually awarded. Brunnemann v. Terra International, Inc., 975 F.2d 175, 180 (5th Cir. 1992). While the Eleventh Circuit Court of Appeals may consider front pay a "special

remedy" as noted by Dow, the Fifth Circuit Court of Appeals holds that front pay is appropriate when reinstatement is not feasible. Julian v. The City Of Houston, Texas, 314 F.3d 721, 728-729 (5th Cir. 2002).

7. Dow also contends that Maynor's intended retirement precludes an award of front pay. However, Maynor has not asked for an award of front pay based on his lost salary. Rather, Maynor requests an award of front pay based on the monthly pension he would have received if he had not been terminated by Dow. Thus, the case relied upon by Dow for this proposition is inapplicable to the facts here. More to the point, the award requested by Maynor would serve to restore Maynor, as nearly as possible, to the same situation he would have occupied if he had not been discharged. Goldberg v. BAMA Manufacturing Corp., 302 F.2d 152, 156 (5th Cir. 1962).

8. To that end, Maynor testified that if allowed to retire in May of 2006, he would have received monthly payments in the amount $3,000.00 per month rather than his current monthly payment of $1,470.00 per month.[1] Thus, the undisputed evidence at trial establishes that Maynor will incur a loss each month in the amount of $1,530.00 or $18,360.00 per year because of his illegal termination. Contrary to Dow's suggestion, this evidence provides

---

[1] Maynor amends his request based on the trial transcript provided by Dow as an exhibit to its response.

-3-

ample support for a calculation of front pay. <u>Persons v. Jack In The Box</u>, No. H-03-4501, 2006 U.S. Dist. LEXIS 19768 at 3 (S.D. Tex. March 31, 2006); <u>DeLoach v. Delchamps</u>, 897 F.2d 815, 822 (5th Cir. 1990).

9. Finally, there is no uncertainty as to the continuation of Maynor's loss. In other words, Maynor's subsequent employment has no impact on his damages. As a result, the considerations that can operate to limit front pay awards based on the likelihood of future employment do not apply. Accordingly, should the Court determine reinstatement is not feasible, Maynor requests that the Court award front pay in an amount deemed appropriate by the Court under these circumstances.

## IV. <u>CONCLUSION</u>

10. Maynor respectfully requests that the Court enter an order reinstating Maynor to his previous position and compensation at Dow. In the alternative, Maynor requests that the Court award him front pay in an amount deemed appropriate by the Court and for such other relief to which he may be justly entitled.

Respectfully submitted,

*Patricia Haylon*
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID #13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)

LAW OFFICE OF DOUGLAS B. WELMAKER

Douglas B. Welmaker
TBA# 00788641
Fed ID# 17038
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)

CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Reply to Defendant's Response to Motion for Reinstatement, or in the Alternative Motion for Front Pay was served on opposing counsel by fax and/or email on June 17, 2010, properly addressed as follows:

Nancy Patterson
A. John Harper, III
Morgan Lewis & Bockius
1000 Louisiana, Suite 4200
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (fax)

*Patricia Haylon*
Patricia Haylon